John B. Legnard v. Charles B. Rhoades and Orville H. Whittlesey.

1. CONTRACTS—*Construction of.*—The plaintiff agreed to make as many bricks at the defendant's yard as could be made during a certain season, and load the same on the defendant's wagons, at a certain price per thousand. In part payment for the same he was to pay the fuel and labor bill every two weeks for the actual time worked, according to the time books, provided the amount shown on the books was due for bricks so delivered at the time. *It was held*, that under the contract, the defendant was bound to pay for the fuel and labor only when the money to pay the same was due from him to the plaintiff for bricks so delivered.

2. SPECIAL FINDINGS—*When They Control the General Verdict.*—In an action where the recovery depends upon the number of brick made by the plaintiff and delivered to the defendant at a certain price, a special finding of the number of the brick so made and delivered will control the general verdict.

Assumpsit.—Appeal from the Circuit Court of Cook County; the Hon. RICHARD W. CLIFFORD, Judge, presiding. Heard in this court at the October term, 1895. Remittitur ordered, etc. Opinion filed October 17, 1895.

E. K. SMITH, attorney for appellant.

ELISHA WHITTLESEY, JR., and JAMES C. McSHANE, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

Appellant, the owner of a brickyard, entered into the following contract with appellees :

"Chicago, February 20, 1890.

This agreement, entered into this day, between J. B. Legnard, party of the first part, and Charles B. Rhoades and O. Whittlesey, parties of the second part, provides that said Rhoades and Whittlesey agree to make as many brick at the yard of J. B. Legnard, at 45th and Robey streets, Chicago, Illinois, as can be made during the season of 1890.

Said Rhoades and Whittlesey are to dig the clay, make and burn the brick, and load them on the wagons of said J. B. Legnard, and to furnish all necessary fuel, etc., and to keep all machinery in good repair, and to turn the yard and machinery over to J. B. Legnard at the end of the season or at the expiration of the contract during the season, for any cause, in good condition, as it now is, ordinary wear excepted. Said J. B. Legnard agrees to pay said Rhoades and Whittlesey for all brick of good quality delivered on wagons as above, at the rate of $2.75 per thousand, to be paid as follows: Said J. B. Legnard will pay the fuel bills and will pay the labor every two weeks, for the actual time the men have worked, according to the time books, provided the amounts shown on the time books is due said Rhoades and Whittlesey at the time, and the money so advanced for the fuel and other bills, or labor, or for any other purpose shall be deducted from the total amount that may be due to Rhoades and Whittlesey at the time of settlement. At any time when the yard is not run with due diligence, or when brick made are not satisfactory to said J. B. Legnard, said J. B. Legnard may cancel this contract without further notice and make settlement for the brick made, and shall take full possession of the yards and machinery.

J. B. LEGNARD,

C. B. RHOADES,

O. H. WHITTLESEY."

In July appellant refused to pay fuel bills and for labor, and notified appellees that he would take possession of his yard. Appellees surrendered it to him and brought suit for brick delivered, other property belonging to them in the yard and taken by appellant, and for damages by them sustained in consequence of appellant's alleged refusal to carry out the contract.

Upon the trial appellees obtained a verdict for $5,000 and afterward a judgment for $2,800.

Appellant was, under the contract, bound to pay for fuel and labor only when the money to pay such bills was due from him to appellees.

The following question was submitted to the jury and the annexed answer by them made:

2d. Q. How many thousand brick were made by plaintiffs and delivered to defendant on defendant's wagons, as agreed in the contract between the parties hereto?

2d. A. 4,325 M.

We think, notwithstanding the other special findings, that the above is controlling as to the charge that Legnard was indebted to appellees when he refused to make further payments. He had then paid over $19,000 while the brick then delivered on wagons did not come to $13,000.

The special finding above set forth is in accord with the preponderance of the evidence. We, for this and other reasons, do not think that any recovery can be had for prospective profits.

The evidence does not show that appellees are justly entitled to more than the sum of $1,529.94.

If they will remit to such sum the judgment will be affirmed, otherwise it will be reversed and the cause remanded.

Appellant will recover his costs in this court. Affirmed if remittitur is filed, otherwise reversed and remanded.